————o————

. 5498.

(Court of Appeal, Parish of Orleans.)

## FERDINAND ILLG vs. STEPHEN BRULARD, EXECUTOR.

The fact that one person owns all the stock in a corporation does not destroy the corporation or make him and the corporation one and the same person, but the latter continues to exist as a separate entity and the former continues to occupy the status of a stockholder.

Appeal from the Civil District Court, Division "D."

Geo. J. Untereiner, for plaintiff and appellant.

Howe, Fenner, Spencer & Cocke, for defendant and appellee.

DUFOUR, J.—This is a suit against the executor of the Succession of John S. Anderson, for salary and other items alleged to have been due by the latter who, it is claimed, employed the plaintiff "as general foreman and shipping clerk in an ice plant operated by the said John S. Anderson under the name and style of the American Ice Company."

An answer was filed denying that John S. Anderson was individually liable and asserting that Illg was employed by the American Ice Company, a duly organized corporation.

Whereupon, by supplemental petition, the plaintiff alleged that he had no knowledge that the American Ice Company was a corporation and that he dealt with Anderson as an individual.

The pleadings and the evidence viewed as a whole leaves no doubt in our minds that plaintiff's original theory as to defendant's liability was that, as defendant owned at the time the contract was made all the stock in the corporation, he became, in point of law, individually liable.

The plea suggested by the supplemental answer that, in point of fact, the contract was made with Anderson individually, appears to us to be an afterthought born of the exigencies of the case.

The bringing of the suit some time after the death of the other contracting party and the consequent inability of denial by the defense and the possible insolvency of the corporation might seem to be determining motives for a shifting of position.

The least that can be said is that such testimony must be received **cum grano salis** and we may say that we have not found it persuasive enough to establish an individual contract between Anderson and Illg.

It is conclusively shown that the American Ice Company was a duly chartered corporation of this State and that Anderson owned all of the capital stock of the concern from November 30th, 1907 to the time of his death.

The question, therefore is, is he as an individual liable because of his sole ownership of the whole stock?

The jurisprudence of this State, as well as the view of the text writers, negatives the proposition.

"The fact that one person owns all the stock in a corporation does not destroy the corporation or make him and the corporation one and the same per-

son, but the latter continues to exist as a separate entity and the former continues to occupy the status of a stockholder.''

**State vs. R. R., 106 La., 525.**
See also, **47 An., 1618.**

The judgment dismissing the plaintiff's demand is correct.

Judgment affirmed.

February 19th, 1912.

Rehearing refused, March 18th, 1912.

April 23, 1912, Decree Supreme Court, writ denied.